1   Timothy J. Silverman, Bar No. 145264
    Holly J. Nolan, Bar No. 140775
2   SOLOMON, GRINDLE, SILVERMAN & WINTRINGER
    A Professional Corporation
3   12651 High Bluff Drive, Suite 300
    San Diego, California 92130
4   (858) 793-8500 Telephone
    (858) 793-8263 Facsimile
5
    Attorneys for Defendants
6   CABRILLO CREDIT UNION and
    SOLOMON, GRINDLE, SILVERMAN & WINTRINGER, APC
7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10  Cathy Sandoval Garcia,                )   Case No: '11CV1805 DMS BLM
                                          )
11                 Plaintiff,             )   MEMORANDUM OF POINTS AND
                                          )   AUTHORITIES IN SUPPORT OF
12  v.                                    )   DEFENDANTS' MOTION TO DISMISS
                                          )   OR, IN THE ALTERNATIVE, TO
13  Solomon, Grindle, Silverman & Wintringer )   STRIKE PORTIONS OF FIRST
    APC, and Cabrillo Credit Union,       )   AMENDED COMPLAINT
14                                        )
                   Defendants.            )   [FRCP 12(b)(1) and (6) & 12(f)]
15                                        )
                                          )   Hearing:
16                                        )   Date:   January 13, 2012
                                          )   Time:   1:30 p.m.
17                                        )   Dept.:  10
    _____)   Judge: Honorable Dana M. Sabraw
18

19  I.     **MOTION**

20         Defendants CABRILLO CREDIT UNION's ("CABRILLO") and SOLOMON, GRINDLE,

21  SILVERMAN & WINTRINGER, APC's ("SGSW") motion is brought in response to the First Amended

22  Complaint ("FAC") filed by Plaintiff on October 12, 2011.  CABRILLO and SGSW are sometimes

23  collectively referred to herein as "Defendants."  In the FAC, Plaintiff asserts two causes of action:

24  Violation of the Fair Debt Collection Practices Act (FDCPA) (First Cause of Action) and; Violation of

25  the Rosenthal Fair Debt Collection Practices Act (Rosenthal Act) (Second Cause of Action), which is

26  entirely a State law claim.

27         As discussed in greater detail below, Plaintiff's claims against Defendants fail as a matter of law

28  for the following specific reasons:

1. Plaintiff's first cause of action as to CABRILLO is barred by 15 U.S.C. §1692a;

2. Plaintiff's causes of action fail to state a claim upon which relief can be granted as against either CABRILLO or SGSW;

3. Plaintiff's second cause of action is barred by applicable state law; and

4. The Court lacks subject-matter jurisdiction over the State law claims asserted in the second cause of action.

Based on the foregoing, and pursuant to the points and authorities which follow, Defendants submit that the motion to dismiss or, in the alternative, to strike portions of Plaintiff's FAC should be granted and that Plaintiff's pending FAC against Defendants should be dismissed <u>without leave to amend</u>.

## II.   <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### A.   <u>Authority for Motion to Dismiss</u>.

Defendants' motion to dismiss is made pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure ("FRCP").  FRCP Rule 12(b) provides in relevant part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: . . .

> (1) lack of subject-matter jurisdiction;
> . . .

> (6) failure to state a claim upon which relief can be granted; . . .

Defendants' motion to strike is made pursuant to Rule 12(f) of the FRCP.  FRCP Rule 12(f) states in relevant part:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act:

> (1) on its own; or

> (2) on motion made by a party ...

Finally, FRCP 7012(g)(1) specifically allows a motion to dismiss and a motion to strike to be joined in the same motion.  Accordingly, statutory authority exists for Defendants' motion to dismiss or, in the alternative, to strike portions of Plaintiff's FAC against Defendants.

**B. Plaintiff's First Cause of Action as against CABRILLO is barred by 15 U.S.C. § 1692a.**

The FAC appears to admit that CABRILLO is not a debt collector under the FDCPA. *See* FAC, Page 3, Paragraph 18. However, elsewhere in the FAC, Plaintiff attempts to "boot strap" liability against CABRILLO under the FDCPA based on the allegations against CABRILLO's counsel, Solomon, Grindle, Silverman & Wintringer, APC, also a named defendant in the FAC. *See* FAC, Page 6, Paragraph 36. Therefore, despite the admission by Plaintiff that CABRILLO is not liable under the FDCPA, Plaintiff continues to seek liability against CABRILLO under the FDCPA based on misplaced arguments of agency. If the Court were to allow such allegations to stand, then the exclusion provided by the FDCPA to creditors seeking recovery of their own debts would be eviscerated and essentially of no force and effect. Such is not the state of the law. However, based on these allegations and Plaintiff's attempt to still strap CABRILLO with liability under the FDCPA, CABRILLO is compelled to address the FDCPA allegations fully below.

CABRILLO is not a "debt collector" under the FDCPA and therefore, the First Cause of Action for violation of the FDCPA is barred as to CABRILLO. 15 U.S.C. § 1692a sets forth certain definitions concerning the FDCPA and states in relevant part as follows:

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be <u>owed or due another.</u> [Emphasis added].

15 U.S.C. §1692a(6); *see also Garcia v. Wachovia Mortgage Corporation* (2009 USDC, CD) 676 F.Supp.2d 895, 910. The debt attempting to be collected from Plaintiff which forms the basis of the claims asserted in the first cause of action against CABRILLO is clearly being collected by CABRILLO, the original creditor. Therefore, CABRILLO is not a "debt collector" and not subject to the FDCPA.

Therefore, the First Cause of Action for violation of the FDCPA is barred as to CABRILLO and dismissal is appropriate <u>without leave to amend.</u> Alternatively, all allegations as against CABRILLO regarding any violation of the FDCPA must be stricken.

/ / /

/ / /

/ / /

**C. Plaintiff's First Cause of Action for Violation of FDCPA fails to state a claim upon which relief can be granted as against Defendants, or either of them.**

As set forth above, the FDCPA does not even apply to CABRILLO and therefore, dismissal is appropriate. However, the First Cause of Action also fails as to Defendants on additional grounds. Plaintiff's FAC appears to intermix the FDCPA requirements and State law requirements. At a minimum, this makes the entire FAC vague, ambiguous and confusing, making yet a separate ground for dismissal. However, the two sets of laws are not identical. When read carefully, and despite Plaintiff's attempt to confuse the reader, there are just two violations alleged: 1) Violation of 15 U.S.C. §1692g (FDCPA); and 2) Violation of California Civil Code §1812.700 (Rosenthal Act). That is the extent of the two alleged violations, both of which are related to one letter sent to Plaintiff.

Plaintiff's sole complaint concerns a letter dated April 4, 2011 ("Letter") (wrongfully identified in the FAC as April 4, 2010). *See* FAC, Page 4, Paragraph 24, Lines 18 - 19. Plaintiff admits receiving the Letter. *See* FAC, Page 4, Paragraph 25, Line 20. A copy of the Letter is attached and marked as Exhibit "A" to the FAC. CABRILLO is the original creditor of the debt in question. The Letter contains all the applicable provisions set forth in 15 U.S.C. §1692g(a). While the Rosenthal Act (State law only) has additional language allegedly required in certain debt collection letters, the only provisions relevant to the FDCPA violations are those in Section 1692(g). This issue, in fact, was directly dealt with by the United States District Court, Southern District of California, in the case of *Khosroabadi v. North Shore Agency* (2006 USDC, SD, CA) 439 F.Supp.2d 1118.[1]

In *Khosroabadi*, defendant filed a motion for summary judgment on the ground that the FDCPA did not require additional language required under the State law Rosenthal Act and therefore, the letter in question did not violate the FDCPA. The motion for summary judgment was granted and the court therein held that the letter provided complied with the FDCPA. *See Khosroabadi v. North Shore Agency* (2006 USDC, SD, CA) 439 F.Supp.2d 1118, 1123 - 1124. The court further held in *Khosroabadi* that the "letter informed Plaintiff that she could have contested the debt or requested more information about the debt or her creditor. Reading Defendant's letter from the standpoint of a least sophisticated debtor,

---

[1] Defendants notes that Plaintiff's counsel herein was also the Plaintiff's counsel in *Khosroabadi* wherein summary judgment was granted in favor of defendant on a case that seems almost directly on point and similar to this case.

1  the Court concludes that it was not was [sic] false, deceptive, or misleading." *Id.* at 1124.  The court

2  further found that the plaintiff did not set forth any information to show that the letter actually misled or

3  deceived her. *Id.*

4       The facts herein are eerily similar.  Clearly, the Court can review the Letter and find that it

5  complies with Section 1692g(a) as a matter of law.  There is nothing confusing about the Letter and

6  Plaintiff's claims to the contrary are meritless.  Plaintiff took absolutely no action on the Letter at the

7  time it was sent, made no contact with either CABRILLO or SGSW in response to the Letter, until

8  Plaintiff filed the original complaint herein, over four (4) months later, and only after CABRILLO

9  commenced a State Court Action against Plaintiff to collect the debt, which action is currently pending

10 in the Superior Court, County of San Diego, Case No. 37-2011-00076999-CU-BC-SC ("State Court

11 Action.")  The Letter certainly alerted the Plaintiff to the fact that she needed to make contact within the

12 30 days or the debt would be deemed valid.  All information required was in the initial Letter.

13 Therefore, no further letter was required within five days of the Letter as alleged in the FAC.  *See* FAC,

14 Pages 4 - 5, Paragraph 28; *see also* 15 U.S.C. §1692(g)(a).

15      Based on the foregoing, Defendants respectfully request that the Motion to Dismiss be granted

16 without leave to amend on the ground that the First Cause of Action fails to state a claim upon which

17 relief can be granted.  Alternatively, Defendants request that the matters in the First Cause of Action be

18 stricken as to Defendants.

19      **D.  Plaintiff's Second Cause of Action for Violation of the Rosenthal Act fails for lack of**

20 **subject-matter jurisdiction and fails to state a claim upon which relief can be granted.**

21           **1.  Lack of Subject Matter Jurisdiction.**

22      Since Defendants have made a compelling argument that the First Cause of Action must be

23 dismissed, as set forth herein, with the dismissal of the First Cause of Action, the Court should decline to

24 retain the action since the only remaining cause of action is based solely on a State law claim under the

25 Rosenthal Act.  Therefore, dismissal of the Second Cause of Action is appropriate for lack of subject

26 matter jurisdiction pursuant to Rule 12(b)(1).  In fact, this is exactly the action the court in *Khosroabadi*

27 took once it granted summary judgment on the FDCPA claim.  The court ruled that "[a] district court

28 should dismiss a supplemental state law claim where all of the claims over which it had original

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS OR, IN THE ALTERNATIVE, TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT

1  jurisdiction have been dismissed." [Citations omitted]. *Id.* at 1125. The same holds true in this case

2  and therefore, Defendants respectfully request that the Court dismiss the Second Cause of Action for

3  lack of subject matter jurisdiction.

4          **2. Second Cause of Action fails to state a claim upon which relief can be granted.**

5      Furthermore, the Second Cause of Action fails to state a claim upon which relief can be granted.

6  Specifically, California Civil Code section 1788.30(d) states:

7               A ***debt collector shall have no civil liability*** under this title if, within 15
             days either after discovering a violation which is able to be cured, or after

8               the receipt of a written notice of such violation, the debt collector notifies
             the debtor of the violation, and makes whatever adjustments or corrections

9               are necessary to cure the violation with respect to the debtor. [Emphasis
             added].

10

11  Cal. Civ. Code §1788.30(d). This provision provides the ability for a debt collector to cure any alleged

12  violation under the Rosenthal Act within a certain time period. CABRILLO was notified of an alleged

13  violation of the Rosenthal Act for the first time when served with the Complaint herein. CABRILLO

14  was served on September 7, 2011. On September 21, 2011, within 15 days of receipt of the Complaint,

15  CABRILLO caused its attorney to send a revised letter (hereinafter referred to as the "Curative Letter")

16  correcting the alleged violation as set forth in the Complaint, which are the same allegations as set forth

17  in the FAC.[2] Defendants request that the Court take judicial notice of the Curative Letter pursuant to

18  Rule 201 of the Federal Rules of Evidence ("FRE"). A copy of the Curative Letter is attached to the

19  Request for Judicial Notice ("RJN") filed herewith as Exhibit "A". The letter was received by Plaintiff

20  per a response letter from Plaintiff's attorney dated September 21, 2011 ("Response Letter").

21  Defendants request that the Court take judicial notice of the Response Letter pursuant to Rule 201 of the

22  FRE. A copy of the Response Letter is attached to the RJN as Exhibit "B." The Court may consider the

23  Curative Letter and Response Letter in ruling on the Motion to Dismiss. In *Garcia v. Wachovia*

24  *Mortgage Corporation, supra,* the court specifically dealt with this issue. The court ruled:

25               A "court may [also] consider evidence on which the complaint 'necessarily
             relies' if: (1) the complaint refers to the document; (2) the document is

26               central to the plaintiff's claim; and (3) no party questions the authenticity

27  

28      [2] Defendants clearly dispute there was any violation, but undertook to correct any alleged violation as was their right by statute to do.

1   of the copy attached to the 12(b)(6) motion." [Citation omitted]. A court may treat such a document as "part of the complaint, and thus may assume
2   that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6). [Citation omitted]. Such consideration prevents "plaintiffs from
3   surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." [Citation omitted]. . . .

4   Moreover, "judicial notice may be taken of a fact to show that a complaint
5   does not state a cause of action." [Citations omitted].

6   *Garcia, supra,* at 900. All of the above-referenced letters are key facts relevant to Plaintiff's claims and

7   Defendants' defenses and relevant to show that the Plaintiff cannot state a cause of action pursuant to

8   State law. All three letters should be considered by the Court to prevent a miscarriage of justice and a

9   waste of judicial resources in allowing this case to proceed past this Motion to Dismiss. Therefore, even

10  if this Court were to preliminarily find that there was a violation or at least a violation was properly pled,

11  Defendants timely cured any alleged violation pursuant to Civil Code section 1788.30(d). Based on the

12  foregoing, *no civil liability* exists under the Second Cause of Action and it too, should be dismissed

13  without leave to amend for failure to state a claim upon which relief can be granted. Alternatively, all

14  allegations regarding any violations of the Rosenthal Act must be stricken as to Defendants.

15  **III.   CONCLUSION**

16      **WHEREFORE,** CABRILLO and SGSW respectfully request that this Court grant the

17  within motion to dismiss without leave to amend or, in the alternative, to strike portions of

18  Plaintiff's FAC as set forth herein. Plaintiff has already amended the complaint once after

19  CABRILLO filed a Motion to Dismiss as to the Complaint. *See Garcia v. Wachovia Mortgage*

20  *Corporation, supra,* at 900 ["Where the plaintiff has previously filed an amended complaint, . . .,

21  the district court's discretion to deny leave to amend is 'particularly broad.'"] If Plaintiff could

22  have cured the deficiencies alleged in the prior motion to dismiss, she presumably would have

23  done so in the FAC. Plaintiff should not be given another opportunity to amend.

24      CABRILLO and SGSW further pray for Judgment against Plaintiff as follows:

25      1.      For dismissal of Plaintiff's FAC, in its entirety, against Defendants without leave

26  to amend or alternatively, striking all allegations as against Defendants;

27  / / /

28  / / /

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS OR, IN THE ALTERNATIVE, TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT

1    2.    For attorneys' fees and costs incurred by Defendants in connection with this

2    motion; and

3    3.    For such other and further relief as this Court may deem just and proper.

4    Dated: October 26, 2011                    SOLOMON, GRINDLE, SILVERMAN
                                                 & WINTRINGER, a Professional
5                                                Corporation

6

7                                          By:  __/s/ Holly J. Nolan_____
                                                Timothy J. Silverman
8                                               Holly J. Nolan
                                                Attorneys for Defendants
9                                               CABRILLO CREDIT UNION and
                                                SOLOMON, GRINDLE, SILVERMAN &
10                                              WINTRINGER, APC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28