David J. McGlothlin, Esq. (SBN: 253265)
david@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

Attorneys for Plaintiff
Cathy Sandoval Garcia

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cathy Sandoval Garcia<br><br>            Plaintiff,<br><br>v.<br><br>Solomon, Grindle, Silverman & Wintringer APC, and Cabrillo Credit Union<br><br>            Defendant. | **Case No.: 3:11-cv-1805 DMS(BLM)**<br><br>**[ CLASS ACTION ]**<br><br>**Opposition To Defendant's Motion Under Fed. R. Civ. P. 12(b)(1) and (6) and 12(f)(1), and a Request for the Court to Convert the Motion to a Motion for Summary Judgment**<br><br>**Date: January 13, 2012**<br>**Time: 1:30 PM**<br>**Courtroom: 10**<br><br>**Judge: Hon. Dana M. Sabraw** |

TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. SUMMARY OF THE ARGUMENT ...................................................................1

III. LEGAL STANDARDS .......................................................................................2

IV. ARGUMENT .......................................................................................................4

    A. CABRILLO CREDIT UNION IS VICARIOUSLY LIABLE FOR ANY VIOLATIONS OF THE FDCPA BY ITS ATTORNEYS, SOLOMON, GRINDLE, SILVERMAN & WINTRINGER APC. ..........................................................................................4

    B. CABRILLO CREDIT UNION IS ALSO A DEBT COLLECTOR UNDER CALIFORNIA'S ROSENTHAL ACT. .............................................................................................6

    C. IT IS BEYOND ANY REASONABLE DISPUTE THAT DEFENDANT HAS VIOLATED THE FDCPA, AND JUDGMENT SHOULD THEREFORE BE ENTERED IN FAVOR OF PLAINTIFF. .........................................................................................................6

    D. DEFENDANTS LETTER FAILS TO COMPORT WITH 15 U.S.C. § 1692g(a)(4)........9

    E. DEFENDANTS LETTER FAILS TO COMPORT WITH 15 U.S.C. § 1692g(a)(5)......10

    F. DEFENDANTS VIOLATIONS CANNOT BE CURED, NONETHELESS DEFENDANT FAILED TO PROPERLY CURE THE VIOLATIONS IN QUESTION. ............................11

V. CONCLUSION ..................................................................................................13

HYDE & SWIGART
San Diego, California

**TABLE OF AUTHORITIES**
**CASES**

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986).................................................................................................4

*Baker v. G.C. Services Corp.,*
    677 F.2d 775 (9th Cir. 1982).................................................................................9, 10

*Bartlett v. Heibl,*
    128 F.3d 497 (7th Cir. 1997). ...................................................................................7

*Bell Atlantic Corp. v. Twombly,*
    550 US 544 (2007)....................................................................................................3

*Bishop v. Global Payments Check Recovery Servs., Inc.,*
    2003 WL 21497513 (D. Minn. June 25, 2003) ........................................................9

*Cavallaro v. Law Office of Shapiro & Kreisman,*
    933 F. Supp. 1148 (E.D.N.Y 1996).........................................................................8

*Clark v. Capital Credit & Collection Servs.,*
    460 F.3d 1162 (9th Cir. 2006) .............................................................................5, 10

*First Interstate Bank, N.A. v. Soucie,*
    924 P.2d 1200 (Colo. App. 1996)............................................................................6

*Fox v. Citicorp Credit Servs.*
    15 F.3d 1507 (9th Cir. 1994)............................................................................4, 5, 6

*FTC v. Colgate-Palmolive Co.,*
    380 U.S. 374 (1965)................................................................................................10

*Gallardo v. DiCarlo,*
    203 F Supp 2d 1160 (CD Cal 2002).........................................................................2

*Gervais v. Riddle & Assoc.,*
    363 F. Supp. 2d 345 (D. Conn. 2005) ......................................................................9

*Gilligan v. Jamco Dev. Corp,.*
    108 F3d 246 (9th Cir 1997)......................................................................................2

*Guerrero v. Gate,*
    357 F3d 911 (9th Cir 2004)......................................................................................2

*Hartman v. Meridian Fin. Servs., Inc.*,
  191 F. Supp. 2d 1031 (W.D. Wis. 2002) ............................................................................7

*Heintz v. Jenkins*
  514 U.S. 291 (1995) ......................................................................................................1, 4

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*,
  130 S. Ct. 1605 (U.S. 2010) ...........................................................................................4, 5

*Lee v. City of Los Angeles,*
  250 F3d 668 (9th Cir 2001) .................................................................................................3

*McGowan v. King, Inc.*,
  661 F.2d 48 (5th Cir. 1981) .................................................................................................3

*McGrew v. Countrywide Home Loans, Inc.*,
  628 F. Supp. 2d 1237 (S.D. Cal. 2009) ...............................................................................6

*Neilson v. Union Bank of Cal., N.A.,*
  290 F Supp 2d 1101 (CD Cal 2003) ....................................................................................2

*O'Connor v. Check Rite,*
  973 F. Supp. 1010 (D. Colo. 1997) .....................................................................................7

*Papasan v. Allain,*
  478 U.S. 265 (1986) .............................................................................................................3

*Reichert v. Nat'l Credit Sys., Inc.,*
  531 F.3d 1002 (9th Cir. 2008) .......................................................................................2, 10

*Reiter v. Sonotone Corp.*,
  442 U.S. 330 (1979) .............................................................................................................9

*Rivera v. Amalgamated Debt Collection Services,*
  462 F.Supp. 2d 1223 (S.D. Fla., 2006) ................................................................................8

*Sial v. Unifund CCR Partners,*
  2008 U.S. Dist. LEXIS 66666 (S.D. Cal. Aug. 28, 2008) ....................................................2

*Spears v. Brennan,*
  745 N.E.2d 862 (ind. App., 2001) ........................................................................................8

*Swanson v. Southern Or. Credit Serv.*,
  869 F.2d 1222 (9th Cir. 1988) .........................................................................................9, 10

HYDE & SWIGART
San Diego, California

*Swedberg v. Marotzke,*
    339 F.3d 1139 (9th Cir.. 2003) ...................................................................................4

*Swift v. Maximus, Inc,.*
    2004 U.S. Dist. LEXIS 13190 (E.D.N.Y. July 15, 2004).........................................9

*Thomas v. Americredit Fin. Corp.,*
    2007 U.S. Dist. LEXIS 70192 (N.D. Cal. Sept. 11, 2007) .......................................6

*Turner v. Shenandoah Legal Group, P.C.,*
    2006 WL 1685698 (E.D. Va. June 12, 2006) ..........................................................9

*United States of America v. $39,490.00,*
    2002 WL 32690813 (S.D. Cal. 2002) ......................................................................4

*Wan v. Commercial Recovery Sys., Inc.,*
    369 F Supp. 2d 1158 (N.D. Cal 2005) .....................................................................3

## STATUTES

15 U.S.C. § 1692 et seq..............................................................................................passim

15 U.S.C. § 1692g(a) ...................................................................................................7-10

15 U.S.C. § 1692n ...........................................................................................................11

California Civil Code §§ 1788-1788.32................................................................passim

California Civil Code § 1788.17 .......................................................................................7

California Civil Code §§ 1788.30(d) .........................................................................11, 12

## FEDERAL RULES

Fed. R. Civ. P. 12(b)(6) ................................................................................................2, 3

## I. INTRODUCTION

Defendant Solomon, Grindle, Silverman & Wintringer APC (Solomon), is a debt collection law firm.[1]  Cabrillo Credit Union (Cabrillo) is an original creditor[2] and one of Solomon's clients.[3]  In April of 2011, at the behest of Cabrillo, Solomon began collecting a debt from Plaintiff Cathy Garcia (Garcia) that Cabrillo claimed was owed to Cabrillo.[4]  Solomon did this by mailing a collection letter to Garcia.[5]

Solomon's April 4, 2011 letter[6] violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").[7]

Subsequently, Plaintiff filed a Complaint on August 11, 2011,[8] as well a First Amended Complaint on October 12, 2011,[9] for these violations of state and federal law.  Defendants responded with a motion to dismiss,[10] which Plaintiff opposes.

## II. SUMMARY OF THE ARGUMENT

Seeking to somewhat level the playing field between debtors and debt collectors, the FDCPA prohibits debt collectors "from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).  The FDCPA is a strict liability statute that "makes debt collectors liable for violations

---

[1] Docket No. 4, First Amended Complaint at ¶ 15.

[2] Id. at ¶ 19.

[3] Id. at ¶ 23-24, & 36.

[4] Id. at ¶ 24.

[5] Id.

[6] See Exhibit A of the First Amended Complaint, Docket No. 4.

[7] Docket No. 4, First Amended Complaint at ¶ ¶ 30-31; 15 U.S.C. § 1692g.

[8] Docket No. 1.

[9] Docket No. 4, First Amended Complaint.

[10] Docket No. 7.

that are not knowing or intentional." *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008). California's Rosenthal Act is a state version of the FDCPA which incorporates the language of the FDCPA with some expansion of certain rights.[11] *Sial v. Unifund CCR Partners*, 2008 U.S. Dist. LEXIS 66666 (S.D. Cal. Aug. 28, 2008)("The Rosenthal Act establishes liability under California law for violations of the FDCPA."). The issues here are as follows:

(i) Defendants introduced extrinsic evidence, which Plaintiff does not oppose, therefore Plaintiff urges the Court to treat this motion and its responses as a motion for partial for summary judgment.

(ii) Solomon's April 4, 2011 letter violated the FDCPA and California's Rosenthal Act, and judgment should therefore be entered in favor of Plaintiff as a matter of law.

(iii) Defendants violations cannot be cured and have not been cured.

(iv) Cabrillo is vicariously liable for any violations of the FDCPA by Solomon

### III. LEGAL STANDARDS

#### A. FED. R. CIV. P. 12

A motion under Fed. R. Civ. P. 12(b)(6) is generally disfavored as it is not a procedure for resolving a contest about the facts or merits of the case *Neilson v. Union Bank of Cal., N.A.* 290 F Supp2d 1101, 1151, (CD Cal 2003). Dismissal for failure to state a claim is appropriate only when the plaintiff can prove no set of facts supporting relief. *Guerrero v. Gate* 357 F3d 911, 916 (9th Cir 2004). Accordingly, the motion is viewed with disfavor and is rarely granted. *Gilligan v. Jamco Dev. Corp.* 108 F3d 246, 249 (9th Cir 1997); *Gallardo v. DiCarlo* 203 F Supp2d 1160, 1164-1165 (CD Cal 2002).

---

[11] For example, and of interest here, California's Rosenthal Act provides that creditors are debt collectors as well. See Cal. Civ. Code § 1788.2(c). The FDCPA generally excludes original creditors, although there are exceptions to this. See 15 U.S.C. § 1692a(6).

1 Further, because Rule 12 motions are rarely granted, they are particularly troublesome in consumer rights actions where the Court must grant reasonable attorneys' fees and costs to prevailing plaintiffs. *McGowan v. King, Inc*. 661 F.2d 48, 51 (5th Cir. 1981) (When a defendant protracts consumer rights litigation through a stalwart defense, it is the defendant that must bear the cost for plaintiff's counsel's efforts.)

A complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 US 544, 127 S Ct 1955, 167 L Ed 2d 929, 949 (2007). In other words, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*., at 940. While the complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle [ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

**B.   EXTRINSIC EVIDENCE**

Defendants have submitted exhibits with their motion. As a general rule, a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Fed R Civ P 12(b)(6). *Lee v. City of Los Angeles,* 250 F3d 668, 688, (9th Cir 2001). Thus, if the Court considers matters outside the pleadings, it must treat the motion as one for summary judgment. The pleadings include any properly submitted attachments. *Wan v. Commercial Recovery Sys., Inc.*. 369 F Supp. 2d 1158, 1161, (N.D. Cal 2005).

Plaintiff urges the Court to exercise its discretion under Rule 12 and convert this motion to a partial motion for summary judgment. When both parties present affidavits and other material outside of the pleadings, in support of and in opposition to, the motion must be treated as one for summary judgment under Rule

56 if those materials are considered by the Court. *Swedberg v. Marotzke*, 339 F.3d 1139, 1143-44 (9th Cir.. 2003). The Court should take the facts as established by the evidence to the extent that they are undisputed, and in favor of the non-moving party, Plaintiff, to the extent material facts are genuinely in dispute.

In a motion for summary judgment, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Stegall v. Citadel Broad, Inc.*, 350 F.3d 1061, 1065 (9th Cir.2003). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences form the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *United States of America v. $39,490.00*, 2002 WL 32690813 (S.D. Cal. 2002); *Anderson,* 477 U. S. at 255, 106 S. Ct. at 2513.

## IV. ARGUMENT

### A. CABRILLO CREDIT UNION IS VICARIOUSLY LIABLE FOR ANY VIOLATIONS OF THE FDCPA BY ITS ATTORNEYS, SOLOMON, GRINDLE, SILVERMAN & WINTRINGER APC.

The Supreme Court has long held that when attorneys are engaged in debt collection activities, their activities are regulated by the FDCPA. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1618 (U.S. 2010), ("We held in that case that the FDCPA's definition of "debt collector" includes lawyers who regularly, through litigation, attempt to collect consumer debts.), citing *Heintz v. Jenkins*, 514 U.S. 291, 292, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).

In *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507 (9th Cir. 1994)*,* Ninth Circuit also held that a client of an attorney that is collecting a debt for that client is vicariously liable for the actions of its attorneys. Other circuit courts have held similarly, with no circuit court ever holding to the contrary.

Looking to the plain language of the FDCPA, the Ninth Circuit in *Fox* held that the actions of a law firm that engages in debt collection are imputed to the client on whose behalf those actions are being taken.  "In order to give reasonable effect to [the FDCPA], we must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken." *Fox, at 1516*, holding that the *original creditor* in that case, Citicorp, was vicariously liable for the debt collection actions of its attorneys.   See *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006) ("…we have recognized vicarious liability under the FDCPA, see *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1516 (9th Cir. 1994) (holding that "Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken")).

Contrary to Defendant's claim, the Ninth Circuit has never held that this vicariously liability only takes place when the client is itself a debt collector under the FDCPA.  In fact, just the opposite is true.  In *Fox*, the client of the debt collector, an original creditor, was found to be vicariously liable even though Citicorp was the original creditor[12] and *not* a debt collector under the FDCPA.  In *Fox* the Ninth Circuit held that the client of a law firm is vicariously liable for the actions of the attorneys. ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken.") *Id.*, 15 F.3d at 1516.

Finally, the Supreme Court recently embraced the Ninth Circuit's position on vicariously liability in *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1622 (U.S. 2010) ("Moreover, a lawyer's interest in avoiding FDCPA liability may not always be adverse to her client.  Some courts have held clients vicariously liable for their lawyers' violations of the FDCPA. See, e.g., *Fox*

---

[12] See *Maguire v. Citicorp Retail Servs.*, 147 F.3d 232, 235 (2d Cir. Conn. 1998), holding that Citicorp is a creditor for the purposes of the FDCPA, exactly like Carbillo Credit Union is, here.

*v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1516 (CA9 1994); see also *First Interstate Bank, N.A. v. Soucie*, 924 P.2d 1200, 1202 (Colo. App. 1996).").

Consequently, a client of an attorney who is doing debt collection for that client is vicariously liable for the attorney's conduct under the FDCPA for that activity pursuant to the Ninth Circuit in *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1516 (9th Cir. 1994).

### B.   CABRILLO CREDIT UNION IS ALSO A DEBT COLLECTOR UNDER CALIFORNIA'S ROSENTHAL ACT.

Additionally, Cabrillo Credit Union, as an original creditor, is a debt collector under California's Rosenthal Act, so even if only debt collectors are vicariously liable for its agents, as Cabrillo argues, Cabrillo Credit Union would *still* be vicariously liable under California law as Cabrillo is a debt collector.  *McGrew v. Countrywide Home Loans, Inc.*, 628 F. Supp. 2d 1237 (S.D. Cal. 2009) ("Under [the Rosenthal Act's] definition, and unlike the federal Fair Debt Collection Practices Act (FDCPA), "debt collector" includes creditors and mortgage servicers.") *Id.*, at 1242.  See also, *Thomas v. Americredit Fin. Corp.*, 2007 U.S. Dist. LEXIS 70192 (N.D. Cal. Sept. 11, 2007) (Unlike the FDCPA, California's Rosenthal Act provides that original creditors are debt collectors.)  Consequently, even if the Court were to accept the argument by Defendants that there is a requirement that an original creditor has to be a debt collector before being held to be vicariously liable, as Cabrillo tries to argue, Cabrillo is clearly a debt collector.

### C.   IT IS BEYOND ANY REASONABLE DISPUTE THAT DEFENDANT HAS VIOLATED THE FDCPA, AND JUDGMENT SHOULD THEREFORE BE ENTERED IN FAVOR OF PLAINTIFF.

Defendants' April 4, 2011 letter attached as Exhibit "A" to Plaintiff's First Amended Complaint, has several violations of the FDCPA.  Plaintiff maintains Defendants' letter contains many different violations of the FDCPA.  However, only one violation is needed to create liability under the FDCPA and Plaintiff hereby

requests partial summary judgment on the clearest and factually uncontested violations.[13]  *O'Connor v. Check Rite*, 973 F. Supp. 1010, 1020 (D. Colo. 1997) ("Since the FDCPA is a strict liability statute, a plaintiff need only show one violation of its provisions to be entitled to summary judgment. [Citations.]"); *Hartman v. Meridian Fin. Servs., Inc.*, 191 F. Supp. 2d 1031, 1046 (W.D. Wis. 2002) ("Because the FDCPA is a strict liability statute, proof of one violation is sufficient to support summary judgment for plaintiffs on their federal claim. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997).")

**Violation 1: Defendant illegally misstated the time period Plaintiff had to dispute the debt, in violation of 15 U.S.C. § 1692g and Cal. Civ. Code § 1788.17.**

Twice in Defendants' initial communication with Plaintiff, Defendants misstate Plaintiff's time period to dispute the debt, stating, "within 30 days **from the date of this letter**..."[14] (emphasis added) instead of providing the requisite "within 30 days of *receipt of the notice*." (emphasis added).  By mailing notices stating that debtors have thirty days from the date of the letter to challenge the debt, Defendants led debtors to believe that they had less than thirty days to obtain verification of the debt.  This language overshadowed, weakened, and failed to comply with, the notice required by 15 U.S.C. § 1692g(a), as well as Cal. Civ. Code 1788.17 as it incorporates 15 U.S.C. § 1692g(a), because it attempted to limit the rights available to Plaintiff in a manner that creates a contradiction would confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g and Cal. Civ. Code § 1788.17.

---

[13] If Defendant is found liable under either Violation 1 or Violation 2, Plaintiff will not pursue liability for her remaining claims.

[14] See Defendant's April 4, 2011 letter ¶¶ 3 & 7, attached as Plaintiff's Exhibit "A".

Federal courts have found this to be a violation:

> By mailing notices stating that debtors have thirty days from the date of the letter to challenge the debt, Defendant led debtors to believe that they had less than thirty days to obtain verification of the debt. That is a clear violation of the statute, as the court concluded in Cavallaro involving a FDCPA claim against a law firm that sent out notices that very similarly misstated the time the debtor had to respond and dispute the debt.

*Rivera v. Amalgamated Debt Collection Servs.*, 462 F. Supp. 2d 1223, 1228 (S.D. Fla. 2006), citing *Cavallaro v. Law Office of Shapiro & Kreisman*, 933 F. Supp. 1148, 1154 (E.D.N.Y 1996). In *Cavallaro*, the debt collector included a notice that stated, "Unless you, within thirty (30) days from the date of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office." This is the same language that exists here, and the court in *Cavallaro* found this language violated the FDCPA.

"By specifying that the debt must be disputed within thirty days from the date of receipt of the notice, Congress has consciously protected against abusive tactics of debt collectors, such as the backdating of notices or other practices that might shorten debtors time to respond. Although only a small minority of debt collectors may engage in such tactics, courts cannot discriminate in identifying violators of § 1692g(a)(3) when faced with a strict liability statute that proscribes specific acts regardless of intent." *Cavallaro v. Law Office of Shapiro & Kreisman, 933 F. Supp. 1148, 1154 (E.D.N.Y. 1996)*.

Defendants' statements that Plaintiff has "30 days from the *date of the letter*" rather than 30 days of *receipt of the notice* is a clear violation of 15 U.S.C. § 1692g (a)(3). Courts have routinely found this exact language to be a violation of the FDCPA. *See Cavallaro v. Law Office of Shapiro & Kreisman*, 933 F. Supp. 1148, 1154 (E.D.N.Y., 1996); *Spears v. Brennan*, 745 N.E.2d 862 (ind. App., 2001); *Rivera v. Amalgamated Debt Collection Services*, 462 F.Supp.2d 1223 (S.D. Fla.,

2006); *Turner v. Shenandoah Legal Group, P.C.*, 2006 WL 1685698 (E.D. Va. June 12, 2006); *Gervais v. Riddle & Assoc., P.C.*, 363 F. Supp. 2d 345 (D. Conn. 2005); *Bishop v. Global Payments Check Recovery Servs., Inc.*, 2003 WL 21497513 (D. Minn. June 25, 2003), and *Swift v. Maximus, Inc.*, 2004 U.S. Dist. LEXIS 13190 (E.D.N.Y. July 15, 2004), with even more available.

**Violation 2: Defendants letter failed to provide other requisite portions of the notice under 15 U.S.C. § 1692(g).**

Defendants' April 4, 2011 includes a defective notice that includes:

> This firm will assume the debt to be valid unless you dispute its validity, or any portion thereof, within thirty (30) days from the date of this letter. Upon notification in writing that the debt, or any portion thereof, are disputed within this thirty (30) day period, this firm will obtain verification of the debt and will mail a copy of the same to you.

Through this language, Defendants fail to satisfy the requirements set forth in both 15 U.S.C. § 1692g(a)(4) and § (a)(5).

D. **DEFENDANTS LETTER FAILS TO COMPORT WITH 15 U.S.C. § 1692g(a)(4)**

15 U.S.C. § 1692g(a)(4) requires a debt collector send a notice containing:

> a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt **or a copy of a judgment against the consumer** and a copy of such verification **or judgment** will be mailed to the consumer by the debt collector;
> (emphasis added)

Defendant omits all references to a "judgment" in the language required by 15 U.S.C. § 1692g(a)(4). In the Ninth Circuit, the impact of language alleged to violate section 1692g is judged under the "least sophisticated debtor" standard. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 778 (9th Cir. 1982). *See also*, *Swanson v. Southern Or. Credit Serv.*, 869 F.2d 1222 (9th Cir. 1988). In this case a consumer, is received a letter from a law firm regarding an alleged debt. The consumer's right to know if a judgment is already obtained and to be provided a copy of said

judgment is both necessary and relevant. Purposefully omitting the portion of 1692g(a)(4) that gives the consumer the right to a copy of any possible judgments concerning the alleged debt is a clear violation of the FDCPA.

In construing the FDCPA the court is obliged to give effect, if possible, to every word Congress used. *See Baker v. G.C. Services Corp.*, 677 F.2d 775, 778 (9th Cir. 1982) *citing Reiter v. Sonotone Corp.*, 442 U.S. 330 (1979). Further, as the Ninth Circuit has noted:

> because the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors--repeat players likely to be acquainted with the legal standards governing their industry--to bear the brunt of the risk. [FN] As we have oft repeated, it does not seem "unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line." *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 393, 85 S. Ct. 1035, 13 L. Ed. 2d 904 (1965); see also [*Swanson v. Southern Or. Credit Serv.*, 869 F.2d 1222 (9th Cir. Or. 1988)], 869 F.2d at 1228.

*Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171-1172 (9th Cir. 2006).

E. **DEFENDANTS LETTER FAILS TO COMPORT WITH 15 U.S.C. § 1692g(a)(5)**

Defendant omits another key right or notice afforded to consumers with regard to 15 U.S.C. § 1692g(a)(5), which requires a debt collector to send a notice containing:

> a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

The notice required by 15 U.S.C. § 1692g(a)(5) is completely missing from Defendants' April 4, 2011 letter. The FDCPA is strict liability. *Reichert v. National Credit Systems, Inc*. 531 F.3d 1002, 1004 (9th Cir, 2008) ("After the district court ruling, and after this appeal was briefed, our court decided [*Clark v. Capital Credit*

*& Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006)], which made clear that the FDCPA is a strict liability statute in that a plaintiff need not prove an error was intentional.") Defendants' omission of of the notice required by 15 U.S.C. § 1692g (a)(5) is a clear violation of the FDCPA.

### F. DEFENDANTS VIOLATIONS CANNOT BE CURED, NONETHELESS DEFENDANT FAILED TO PROPERLY CURE THE VIOLATIONS IN QUESTION.

It is first worth noting that the FDCPA provides no vehicle to forgive a debt collector that "cures" a violation of the FDCPA. However, the fact that Defendants now argue they cured their violations demonstrates that even Defendants recognize they have violated the FDCPA.

Further, the "cure" clause of Cal. Civ. Code § 1788.30(d) that Defendants look to is inapplicable to the FDCPA violations engaged in by Defendants, including the violations cited above under 15 U.S.C. § 1692g. This is because, first, section 1788.30(d) applies only to "this title," which is the Rosenthal Act. Secondly, the FDCPA provides that this "cure" clause found in the Rosenthal Act is expressly preempted by the FDCPA.

> This subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, **except to the extent that those laws are inconsistent with any provision of this subchapter,** and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter.

15 U.S.C. § 1692n. The "cure" clause found in Cal. Civ. Code § 1788.30(d) is clearly inconsistent with the FDCPA, which provides "greater protection." Consequently, any claimed cure here is inapplicable.

//

//

Further, in drafting Cal. Civ. Code § 1788.30(d), the California legislature clearly anticipated that some violations of the Rosenthal Act are not able to be cured, because it used the phase "which is able to be cured." Cal. Civ. Code § 1788.30(d).

Defendants' Rosenthal Act violations cannot be cured either, and have not been cured even today. Defendant incorrectly states that Cal. Civ. § 1788.30(d) "provides the ability for a debt collector to cure *any* alleged violation under the Rosenthal Act within a certain time period."[15] (Italics provided for emphasis). This is incorrect. The California legislature expressly provided only that "if within 15 days either after discovering a violation **which is able to be cured**..." (emphasis added), which indicates the legislature carefully considered this issue and choose not to allow a debt collector more time to provide the 5 day notice. The violations in question here, mainly Defendant's failure to include the proper notice and their requirement for action before Plaintiff's dispute period was complete, and cannot be cured. 15 U.S.C. § 1692(g) requires the notice to be sent within five business days of the initial communication with the debtor. Defendant cannot meet this requirement. The five day period allotted to Defendant has and Defendant cannot go back in time to provide the notice within the mandated time frame. Further, even Defendants attempt to cure their violation does not do so.

Nonetheless, even if Defendant was able to cure the violation alleged here, Defendant failed to properly do so. California Civil Code section 1788.30(d) specifically requires Defendant to notify "the debtor of the violation." In Defendant's so-called "Curative Letter" there was no such notification. To escape liability Defendant is required to point out the violations made and then make whatever adjustments or corrections that are necessary to cure the violation with respect to the debtor. Defendant failed to take these required steps and therefore failed to properly cure the violations in question.

---

[15] Docket No. 7: Defendant's Motion to Dismiss, Page 6 lines 11-12.

## V. CONCLUSION

Defendant included extrinsic evidence in their motion to dismiss; therefore, the Court should convert Defendants' motion to dismiss into a partial motion for summary judgment. According to Ninth Circuit case law, Cabrillo is vicariously liable for their attorneys Solomon's violations of the FDCPA. Defendants violated the FDCPA several times in their April 4, 2011 letter, which they cannot and did not properly cure. In conclusion, judgment should be found in favor of Plaintiff.

Respectfully submitted,                              **Hyde & Swigart**

Date: November 30, 2011                              By:  */s/ David J. McGlothlin*
                                                         David J. McGlothlin
                                                         Attorneys for Plaintiff