Timothy J. Silverman, Bar No. 145264
Holly J. Nolan, Bar No. 140775
SOLOMON, GRINDLE, SILVERMAN & WINTRINGER
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, California 92130
(858) 793-8500 Telephone
(858) 793-8263 Facsimile

Attorneys for Defendants
CABRILLO CREDIT UNION and
SOLOMON, GRINDLE, SILVERMAN & WINTRINGER, APC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cathy Sandoval Garcia, | Case No: '11CV1805 DMS BLM |
| Plaintiff, | **DEFENDANTS' JOINT REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT** |
| v. | |
| Solomon, Grindle, Silverman & Wintringer APC, and Cabrillo Credit Union, | |
| Defendants. | **[FRCP 12(b)(1) and (6) & 12(f)]** |
| | Hearing: |
| | Date:   January 13, 2012 |
| | Time:   1:30 p.m. |
| | Dept.: 10 |
| | Judge: Honorable Dana M. Sabraw |

Defendants CABRILLO CREDIT UNION's ("CABRILLO") and SOLOMON, GRINDLE, SILVERMAN & WINTRINGER, APC's ("SGSW") submit this Reply re the Defendants' Motion to Dismiss the First Amended Complaint ("FAC") or in the alternative to strike portions of the FAC. CABRILLO and SGSW are sometimes collectively referred to herein as "Defendants." In the FAC, Plaintiff asserts two causes of action: Violation of the Fair Debt Collection Practices Act (FDCPA) (First Cause of Action) and; Violation of the Rosenthal Fair Debt Collection Practices Act (Rosenthal Act) (Second Cause of Action), which is entirely a State law claim.

As discussed in greater detail in the moving papers and herein, Plaintiff's claims against Defendants fail as a matter of law for the following specific reasons:

1       1. Plaintiff's first cause of action as to CABRILLO is barred by 15 U.S.C. §1692a;

2       2. Plaintiff's causes of action fail to state a claim upon which relief can be granted as against

3   either CABRILLO or SGSW;

4       3. Plaintiff's second cause of action is barred by applicable state law; and

5       4. The Court lacks subject-matter jurisdiction over the State law claims asserted in the second

6   cause of action.

7       Defendants submit that the Motion to Dismiss should be granted in its entirety and that the FAC

8   should be dismissed <u>without leave to amend</u>.

9   **A.    If this Court were to treat the Motion to Dismiss as a Motion for Summary Judgment, such**

10  **is only as to the Defendants.**

11      Plaintiff requests in her Opposition that Defendants' Motion to Dismiss be converted to a motion

12  for summary judgment and Plaintiff requests that judgment be entered in favor of Plaintiff. However,

13  Plaintiff has not filed a motion for summary judgment (despite how the Opposition reads). If this Court

14  were to convert the Motion to Dismiss to a motion for summary judgment, then the only possible ruling

15  is to either enter summary judgment in favor of Defendants (as the moving parties), which would be

16  agreeable to the Defendants, or to deny the motion for summary judgment and this matter will proceed.

17  However, Plaintiff, under no legal authority can take Defendants' Motion to Dismiss and convert it into

18  an affirmative summary judgment filed by Plaintiff. The logic is simply flawed and under no

19  circumstances can Plaintiff get a summary judgment ruling by the Court on the Motion to Dismiss before

20  it. Therefore, Plaintiff's request in this regard should be refused.

21      Furthermore, the Court should simply rule on the Motion to Dismiss as just that. If the Motion to

22  Dismiss is denied, Defendants will be entitled to file an answer to the FAC and raise various affirmative

23  defenses which will be factually based that would potentially serve to defeat a motion for summary

24  judgment should Plaintiff choose to file the same. Defendants requested judicial notice be taken of a

25  curative and response letters. Plaintiff does not oppose the request for judicial notice. Defendants did

26  not offer declarations and outside materials sufficient to convert the Motion to Dismiss to a motion for

27  summary judgment. On this addition basis the Plaintiff's request should be refused.

28  ///

REPLY MEMORANDUM OF POINTS AND AUTHORITIES RE SUPPORT OF MOTION TO
DISMISS OR, IN THE ALTERNATIVE, TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT

**B.  Vicarious liability should not be assessed against CABRILLO which is admittedly NOT a "debt collector" pursuant to 15 U.S.C. § 1692a.**

Plaintiff admits that CABRILLO is not a debt collector under the FDCPA.  *See* FAC, Page 3, Paragraph 18.  However, Plaintiff attempts to "boot strap" liability against CABRILLO under the FDCPA under the doctrine of vicarious liability based on the allegations against CABRILLO's counsel, SGSW.  *See* FAC, Page 6, Paragraph 36.  Defendants maintain that if the Court were to allow such allegations to stand, then the exclusion provided by the FDCPA to creditors seeking recovery of their own debts would be eviscerated and essentially of no force and effect.  Such is not the state of the law.

The case of *Fox v. Citicorp Credit Services, Inc.* (9th Cir.) 15 F.3d 1507, relied on by Plaintiff, is factually and legally distinguishable from this case.  First and foremost, in the *Fox* case, both the attorney and its client (Citicorp Credit Services, Inc.) were "debt collectors" under the FDCPA.  In this case, CABRILLO is admittedly NOT a "debt collector" under FDCPA.  Despite Plaintiff's statement to the contrary, there is legal authority that states that vicarious liability under the FDCPA requires that both the principal and agent must be "debt collectors" under the FDCPA.  This vicarious liability issue was specifically addressed in the case of *Byrd v. Law Offices of John D. Clunk Co., LPA* (2010 USDC S.D. Ohio) 2010 WL 816932, wherein the court specifically distinguished the *Fox* case and another case being asserted by the plaintiffs therein to establish vicarious liability.  Specifically the court ruled as follows:

> The Third Circuit noted *Waddington v. Credit Acceptance Corp.,* 76 F.3d 103 (6th Cir. 1996), which concluded that a client of an attorney could not be vicariously liable for the attorney's FDCPA violation unless **both the attorney and the client were debt collectors under the statute.  The Sixth Circuit concluded that it would not be consistent with the statute to hold a company that is *not* a debt collector variously [sic] liable for the violations of its attorney, who was a debt collector.** [Emphasis added].
>
> . . .
>
> And in *Fox v. Citicorp Credit Services,* 15 F. 3d at 1516, the issue was whether a debt collector could be vicariously liable for its attorney's incorrect venue decision under 15 U.S.C. §1692i, a situation not directly analogous here.  In that case, moreover, **both the defendant and its attorney were "debt collectors" within the FDCPA.** [Emphasis added].

*Byrd v. Law Offices of John D. Clunk Co., LPA* (2010 USDC S.D. Ohio) 2010 WL 816932, HN 8.  *Byrd*

directly supports the Defendants' position herein and raised in its moving papers that CABRILLO, who is not a "debt collector" under the FDCPA cannot be held vicariously liable for the actions of its attorneys. As stated in the *Byrd* case, such would be completely inconsistent with the statute that clearly and admittedly exempts CABRILLO as a "debt collector."

Plaintiff is also mistaken as to the facts in the *Fox* case. Citicorp Credit Services ("Citicorp") was not the original creditor. Citibank was the original creditor and referred the matter for collection to Citicorp. Therefore, Citicorp was subject to the FDCPA. *See Fox v. Citicorp Credit Services, Inc.* (9th Cir.) 15 F.3d 1507, 1510.

Finally, the case of *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA* (2010) 130 S.Ct. 1605, did not directly deal with the vicarious liability issue. The Supreme Court merely mentioned that some courts have held clients vicariously liable for the acts of their attorneys, citing to *Fox*. However, as set forth above, *Fox* is factually and legally distinguishable from the case before us.

Based on the moving papers and the matters set forth above, the Motion to Dismiss must be granted in favor of CABRILLO as to all claims set forth in the first cause of action based on violations of the FDCPA.

Since the only cognizable claim against CABRILLO is based on the state statute, the Court lacks subject matter jurisdiction over CABRILLO, as fully set forth in the moving papers, and therefore, the entire action should be dismissed as to CABRILLO.

**C. Plaintiff's First Cause of Action for Violation of FDCPA fails to state a claim upon which relief can be granted as against Defendants, or either of them.**

For the first time, Plaintiff in her Opposition, sets forth the specific alleged violations of which Plaintiff complains. The FAC was completely devoid of the specific statutory violations. However, despite Plaintiff's recitation of alleged errors in the April 4, 2011 letter, Plaintiff's First Cause of Action for violations of the FDCPA still fails and dismissal is appropriate.

To reiterate, Plaintiff's sole complaint concerns a letter dated April 4, 2011 ("Letter") (wrongfully identified in the FAC as April 4, 2010). *See* FAC, Page 4, Paragraph 24, Lines 18 - 19. Plaintiff admits receiving the Letter on April 7, 2011, three days later. *See* FAC, Page 4, Paragraph 25, Line 20. Plaintiff's first complaint is that the letter states that Plaintiff needs to take action "within 30

days from the date of this letter" verses language that the Plaintiff needs to take action within 30 days of receipt of the letter. The question as to whether this is truly a violation is whether the language at all mislead or was confusing to the Plaintiff. Defendant contends that this language was neither misleading nor confusing and was a trivial defect that should not give rise to any liability. This is not a case where the Plaintiff responded to the letter within 30 days of receipt and Cabrillo claimed it was too late. Nor did Cabrillo take any further action within 30 days of the letter. In fact, Plaintiff did not respond at all to the letter. Therefore, this trivial defect does not render the letter misleading or confusing such that liability should be imposed. It is hard to see how this particular language, which created a three day difference (Plaintiff admits receiving the letter on April 7, 2011) would lead Plaintiff to disregard her rights. The argument is trivial and illogical and should not be accepted.

Plaintiff cites to a plethora of cases in the Opposition that she contends supports her position concerning the 30 day language. It is noted that none of these cases appear to come out of the Ninth Circuit or any District Court in California. Nor did Defendants find any such cases from the Ninth Circuit or District Courts of California. Therefore, it appears to be a case of first impression in this district and circuit. However, there are cases that are directly contrary to those cases cited by the Plaintiff and one case in particular that seems to be on point with each of the issues raised by Plaintiff and supports Defendants' position that it has no liability to the Plaintiff for the trivial defects alleged.

In the case of *Stojanovski v. Strobl and Manoogian, P.C.* (USDC, E.D. Mich. 1992) 783 F.Supp. 319, the district court dealt directly with the same alleged violations as is being asserted by the Plaintiff herein. The court started its discussion of the alleged violations by stating that the purpose of the Act [FDCPA] was "to eliminate abusive debt collection practices by debt collectors . . ." cited 15 U.S.C. § 1692(e). *Stojanovski v. Strobl and Manoogian, P.C.* (USDC, E.D. Mich. 1992) 783 F.Supp. 319, 322. Notably, on each of the violations asserted in *Stojanovski* that are related to the claims by the Plaintiff, the court held that the alleged violations were so insignificant variations from the statutory language, that the court could not fairly constitute the *de minimis* variations as an abusive debt collection practice and refused to hold the debt collector liable for these inconsequential "violations." *Id.* at 323 - 324. Specifically, the violations alleged in *Stojanovski* and the Court's ruling that are the same allegations alleged by the Plaintiff herein are as follows:

1.    The letter sent to the plaintiff contained language that plaintiff had to respond to the letter within 30 days of the letter, not from receipt of the letter.

The court ruled that the error was "such an insignificant variation from the statutory language, that the court cannot fairly constitute this *de minimus* variance as an abusive debt collection practice."

2.    The letter did not indicate that the debt collector will obtain verification of the debt or *provide a copy of the judgment against the consumer . . . .*

The court ruled that the letter was sufficient to the extent that it stated that verification of the debt would be sent to the plaintiff if requested.

The court also ruled that the letter did not have to specifically set forth that a copy of a *judgment* would be provided when there was nothing to indicate a judgment had been obtained.  The court went on to rule that had the language concerning a *judgment* been included, when in fact no judgment had been obtained, that in itself could create a violation of the statute.  Simply put, superfluous language that simply did not apply to the debt in question would not constitute a violation of the statute and that "plaintiffs' claim under section 1692(g)(a)(4) is also meritless."

3.    The letter did not stated that the plaintiff would be provided with the name of the original creditor if different upon request.

Finally, the court ruled that since the creditor in question was the original creditor, "there is no reason for defendant to insert language comporting with the last clause of section 1692g(a)(5).  This court finds no violation fo 15 U.S.C. § 1692g(a)(5).

*Id. Stojanovski* is directly on point to the case before this Court.

Finally, while the court in *Stojanovski* found one violation of the statute (a violation not alleged by Plaintiff), the court held as follows:

The provisions of the Act may not have been meticulously followed, but it is difficult to see how defendant's lack of fastidiousness and attention to detail could be construed as intentional.  The court notes that this Act is designed to eliminate and prohibit *abusive debt collection tactics and practices of debt collectors.*  It is not possible for the court to conclude that the letter in question, rather innocuous and courteous in its terminology and language, could be construed as an abusive debt collection tactic or practice.  There is no doubt that abusive tactics have been employed by debt collectors, but this letter in question does not incorporate or employ any abusive tactic or practice whatsoever.  Because defendant has shown that its one violation of the Act was unintentional, this court will not hold defendant liable under the Act." [Emphasis added].

*Id.* Defendants respectfully request that the Court follow the same reasoning as the court in *Stojanovski* and find that there can be no liability or claim asserted against the Defendants under the FDCPA or the

1   Rosenthal Act.[1]

2        Defendants also refer the court to the moving papers where the case of *Khosroabadi v. North*

3   *Shore Agency* (2006 USDC, SD, CA) 439 F.Supp.2d 1118 was discussed at length concerning the fact

4   that the provision of the Rosenthal Act of which the Plaintiff also complains was not in the April 4, 2011

5   letter does not give rise to liability under the FDCPA.  The court held in *Khosroabadi* that the "letter

6   informed Plaintiff that she could have contested the debt or requested more information about the debt or

7   her creditor.  Reading Defendant's letter from the standpoint of a least sophisticated debtor, the Court

8   concludes that it was not was [sic] false, deceptive, or misleading." *Id*. at 1124.  The court further found

9   that the plaintiff did not set forth any information to show that the letter actually misled or deceived her.

10  *Id*.  It is again noteworthy to mention that Plaintiff's counsel herein was also the plaintiff's counsel in

11  *Khosroabadi* wherein summary judgment was granted in favor of defendant on a case that seems almost

12  directly on point and similar to this case.  Plaintiff's counsel fails to even address this case in the

13  Opposition.

14  **D.  The Curative Letter was proper and sufficient to defeat liability under the Rosenthal Act.**

15       Because Defendants have sufficiently shown above that there should be no liability under the

16  FDCPA, Plaintiff's argument that the Curative Letter does not get Defendants off the hook under the

17  FDCPA is without merit and should be disregarded.

18       However, it is worth readdressing briefly the validity of the Curative Letter.  California Civil

19  Code section 1788.30(d) states:

20  > A ***debt collector shall have no civil liability*** under this title if, within 15
    > days either after discovering a violation which is able to be cured, **or after**
21  > **the receipt of a written notice of such violation,** the debt collector
    > notifies the debtor of the violation, and makes whatever adjustments or
22  > corrections are necessary to cure the violation with respect to the debtor.
    > [Emphasis added].
23

24  Cal. Civ. Code §1788.30(d).  This provision provides the ability for a debt collector to cure any alleged

25  violation under the Rosenthal Act within a certain time period, which was done by CABRILLO.

26  Plaintiff sets forth no legal authority that indicates the Curative Letter was still deficient or why it did not

27  ───────────────────────────

28    [1] The other cases cited by Plaintiff regarding the alleged strict liability are all factually distinguishable as to the
    letters sent and the violations alleged and therefore are not supportive of Plaintiff's position.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES RE SUPPORT OF MOTION TO
DISMISS OR, IN THE ALTERNATIVE, TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT

1   properly cure the alleged defects as alleged in the original Complaint and the FAC.  Therefore, even if

2   this Court were to preliminarily find that there was a violation or at least a violation was properly pled

3   and actionable under the Rosenthal Act (and presuming the Court has subject matter jurisdiction over the

4   Rosenthal Act claim), Defendants timely cured any alleged violation pursuant to Civil Code section

5   1788.30(d).  Based on the foregoing, *no civil liability* exists under the Second Cause of Action and it

6   too, should be dismissed <u>without leave to amend</u> for failure to state a claim upon which relief can be

7   granted.

8   **E.**      **Conclusion**

9           Clearly, the Court can review the Letter and find that it complies with Section 1692g(a) as

10  a matter of law.  There is nothing confusing about the Letter and Plaintiff's claims to the contrary

11  are meritless.  Plaintiff took absolutely no action on the Letter at the time it was sent, made no

12  contact with either CABRILLO or SGSW in response to the Letter, until Plaintiff filed the

13  original complaint herein, over four (4) months later, and only after CABRILLO commenced a

14  State Court Action against Plaintiff to collect the debt, which action is currently pending in the

15  Superior Court, County of San Diego, Case No. 37-2011-00076999-CU-BC-SC ("State Court

16  Action.")  The Letter certainly alerted the Plaintiff to the fact that she needed to make contact

17  within the 30 days or the debt would be deemed valid.  All information required was sufficient in

18  the initial Letter.  Therefore, Plaintiff's contention that somehow a different letter had to be sent

19  within five (5) days of the Letter is completely without merit.

20          Based on the moving papers and the matters set forth herein, Defendants respectfully

21  request that the Motion to Dismiss be granted <u>without leave to amend</u> on the ground that the First

22  and Second Causes of Action fail to state a claim upon which relief can be granted or,

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

REPLY MEMORANDUM OF POINTS AND AUTHORITIES RE SUPPORT OF MOTION TO
DISMISS OR, IN THE ALTERNATIVE, TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT

1    alternatively as to the Second Cause of Action, that the Court lacks subject matter jurisdiction

2    over the Second Cause of Action because of the dismissal of the First Cause of Action.

3    Dated: January 6, 2012                          SOLOMON, GRINDLE, SILVERMAN
                                                      & WINTRINGER, APC

4

5

6                                                    By:  _/s/ Holly J. Nolan_____
                                                          Timothy J. Silverman
7                                                         Holly J. Nolan
                                                     Attorneys for Defendants
8                                                    CABRILLO CREDIT UNION and
                                                     SOLOMON, GRINDLE, SILVERMAN &
9                                                    WINTRINGER, APC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY MEMORANDUM OF POINTS AND AUTHORITIES RE SUPPORT OF MOTION TO
DISMISS OR, IN THE ALTERNATIVE, TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT