# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY SANDOVAL GARCIA,<br><br>                              Plaintiff,<br>vs.<br><br>SOLOMON, GRINDLE, SILVERMAN & WINTRINGER APC, *et al.*,<br><br>                              Defendants. | CASE NO. 11cv1805 DMS (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, STRIKE PORTIONS OF FIRST AMENDED COMPLAINT** |

In this putative class action for violation of federal and California debt collection laws, Defendants Solomon, Grindle, Silverman & Wintringer APC ("Solomon") and Cabrillo Credit Union ("Cabrillo") field a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) and to strike portions of the first amended complaint pursuant to Rule 12(f). Plaintiff opposed the motion and Defendants replied. For the reasons which follow, Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

According to the allegations in the First Amended Complaint, Plaintiff incurred a debt with Cabrillo and fell behind in making payments. Cabrillo referred the debt to Solomon for collection. On or About April 4, 2011, at Cabrillo's instruction, Solomon mailed a dunning letter to Plaintiff, which Plaintiff contends violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788

*et seq*. ("Rosenthal Act"). The Court has federal question jurisdiction over the FDCPA claim and supplemental jurisdiction over the Rosenthal Act claim. *See* 28 U.S.C. §§ 1331 & 1367.

Defendants argue that Plaintiff cannot state a claim under Rule 12(b)(6) for either of his causes of action and that the action should be dismissed, or in the alternative, that the allegations should be stricken under Rule 12(f). Defendants also argue that if the FDCPA claim is dismissed, the Court should decline to exercise federal jurisdiction over the Rosenthal Act claim and dismiss it under Rule 12(b)(1). *See* 28 U.S.C. § 1367(c)(3).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Shroyer*, 622 F.3d at 1041.

Defendants argue Plaintiff cannot state an FDCPA claim against them. Plaintiff alleges, among other things, that Solomon's April 4, 2011 dunning letter violated the FDCPA notice requirement regarding the time when the debtor may dispute the debt. The letter states: "This firm will assume the debt to be valid unless you dispute its validity, or any portion thereof, within thirty (30) days from *the date of this letter*." (Compl. Ex. A (original emphasis omitted, emphasis added).) The FDCPA requires the notice to contain "a statement that unless the consumer, within thirty days after *receipt of the notice*, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3) (emphasis added). Accordingly, the letter does not comply with this requirement.

Defendants argue that because Plaintiff admits she received the letter within three days of its date, on April 7, 2011, their noncompliance is trivial and does not support liability, citing *Stojanovski v. Strobl and Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992) (similar violation deemed a *de minimis* variance from the statute and does not constitute an abusive debt collection practice).

*Stojanovski*, however, is not persuasive because its holding is not supported by reasoning or citation to legal authority, and is controverted by several district courts that have considered the issue and stated persuasive reasons to the contrary. *See, e.g.*, *Cavallaro v. Law Office of Shapiro & Kreisman*, 933 F.Supp. 1148, 1154 (E.D.N.Y. 1996)("[C]ourts cannot discriminate in identifying violators of § 1692g(a)(3) when faced with a strict liability statute that proscribes specific dates regardless of intent.")

Defendants next claim that "[t]he question whether this is truly a violation is whether the language at all mislead [*sic*] or was confusing to the Plaintiff," and argue Plaintiff was not confused. (Reply at 5.) But Plaintiff's state of mind is irrelevant, as an objective standard applies. Whether the initial communication, such as the April 4, 2011 dunning letter, "violates the FDCPA depends on whether it is likely to deceive or mislead a hypothetical least sophisticated debtor. The objective least sophisticated debtor standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Terran v. Kaplan*, 109 F.3d 1428, 1431-32 (9th Cir. 1997) (internal quotation marks and citations omitted). Because the April 4, 2011 letter states Plaintiff has fewer than the statutorily prescribed time to dispute the debt, Plaintiff has sufficiently alleged a claim under the FDCPA. Defendants' motion to dismiss the FDCPA claim is therefore denied.[1]

Defendants also contend Cabrillo is not a debt collector under the FDCPA and that the claim should be dismissed as to Cabrillo. Plaintiff does not allege that Cabrillo is a debt collector under the FDCPA, but only under the Rosenthal Act. (First Am. Compl. ("Compl.") at 3.) She alleges Cabrillo is the original creditor of her debt. (*Id*. at 4.) The FDCPA excludes from liability creditors collecting debts on their own behalf. 15 U.S.C. § 1692a(6)(a). Plaintiff maintains, however, that Cabrillo is vicariously liable under the FDCPA for Solomon's alleged violations. (*Id*. at 2, 6.)

Plaintiff rests her vicarious liability theory on *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1516 (9th Cir. 1994). There, the Ninth Circuit held that a debt collector may be held vicariously liable for its attorney's violation of the FDCPA. Plaintiff reads too much into *Fox*, as liability there

---

[1] Because Defendants' motion to dismiss is denied on this ground, the Court declines to address Plaintiff's other alleged FDCPA violations.

1  was imputed from the attorney to the debt collector to whom the debt was referred for collection,
2  Citicorp Services, and not the creditor Citibank. *See id.* at 1510.

3  Plaintiff also relies on *Maguire v. Citicorp Retail Services*, 147 F.3d 232 (2nd Cir. 1998),
4  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, __ U.S. __, 130 S.Ct. 1605 (2010), and
5  *Clark v. Capital Credit & Liability Collection Services*, 460 F.3d 1162 (9th Cir. 2006), but none of
6  these cases supports Plaintiff's position. Plaintiff points to *Maguire* for the proposition that "Citicorp"
7  is a creditor for purposes of the FDCPA, "exactly like [Cabrillo] is here." (Opp'n at 5 n.12.) *Maguire*,
8  however, does not address vicarious liability. Further, to the extent Plaintiff draws a comparison
9  between *Maguire* and *Fox*, the cases are materially distinguishable. The "Citicorp" in *Maguire* was
10 creditor Citicorp Retail Services, while the "Citicorp" in *Fox* was Citicorp Credit Services, to whom
11 the debt was referred for collection. Plaintiff's reliance on *Jerman*, which cites *Fox* and notes that
12 some courts have found vicarious liability for an attorney's FDCPA violations, also is misplaced as
13 the cited language is *dicta*. *Jerman*, which decided the scope of the bona fide error defense to FDCPA
14 liability, had no occasion to, and did not, address whether liability could be imputed to a creditor from
15 a collection attorney's violation. Finally, although *Clark* addressed vicarious liability, it held that a
16 debt collector's FDCPA violation could not be imputed to the collection attorney. Although it cited
17 *Fox* for the proposition that the Ninth Circuit has recognized vicarious liability under the FDCPA, it,
18 like *Jerman*, had no reason to, and did not, address the question at issue here. Because Plaintiff
19 alleges Cabrillo is a creditor, and creditors are exempt from FDCPA liability, Defendants' motion to
20 dismiss the FDCPA claim against Cabrillo is granted.

21  As to the Rosenthal Act claim, Plaintiff alleges that both Defendants are debt collectors.
22 (Compl. at 3.) Defendants do not dispute this in their motion. The Rosenthal Act incorporates, among
23 other things, violations of 15 U.S.C. Section 1692g(a)(3). Cal. Civ. Code § 1788.17. Defendants
24 argue they are exempt from liability under the cure defense provided in California Civil Code Section
25 1788.30(d). Plaintiff counters that this provision is preempted by the FDCPA. (Opp'n at 11, citing
26 15 U.S.C. § 1692n.)

27  The FDCPA preemption clause reads:
28  This subchapter does not annul, alter, or affect, or exempt any person subject to the
    provisions of this subchapter from complying with the laws of any State with respect

> to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter.

15 U.S.C. § 1692n. Under this provision, the Rosenthal Act is preempted where it is inconsistent with the FDCPA and the FDCPA provides consumers greater protection. While the FDCPA contains its own defenses, cure is not one of them. *See* 15 U.S.C. § 1692k. Plaintiff argues that to the extent the Rosenthal Act provides additional defenses, it provides consumers with less protection and is inconsistent with the defenses to liability provided by the FDCPA.

Because Defendants do not respond to Plaintiff's preemption argument and because it appears that the Rosenthal Act cure defense is preempted by the FDCPA, Defendants' argument for dismissal of the Rosenthal Act claim is rejected. This ruling is without prejudice to Defendants briefing the preemption issue in the context of another motion.

For these reasons, Defendants' motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED** with respect to the FDCPA claim against Defendant Cabrillo Credit Union only. It is **DENIED** in all other respects. To the extent Defendants move to strike under Rule 12(f), they request to strike all allegations against Defendants for the same reasons asserted under Rule 12(b)(6). Defendants' motion to strike is therefore **DENIED** as moot. Finally, Defendants' motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is based on the contention that the FDCPA claim should be dismissed as to both Defendants. *See* 28 U.S.C. § 1367(c)(3). Because the FDCPA claim remains pending against Defendant Solomon, Grindle, Silverman & Wintringer APC, Defendants' Rule 12(b)(1) motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 23, 2012

_____
HON. DANA M. SABRAW
United States District Judge